23 Mr. Barnes. Good afternoon, your honors. I would like to reserve five minutes for rebuttal. Do you know how that goes? I do. Could someone please close the door? I don't know why we're having trouble with that. We ask anyway. Don't be running his time now. Let him reset your clock unless you want to just forfeit 20 seconds. Okay. Go ahead, please. Thank you, your honor. This is something different. This is a case of first impression in this court as recognized by Judge Strickland in the order that's being appealed from. I'm going to paraphrase it, but Judge Strickland basically said the Tenth Circuit has apparently not spoken on these issues. So this concerns the application and I guess the construction of Federal Rule Civil Procedure 27 relating to the taking of sworn statements and the preservation of evidence and testimony before a lawsuit is filed. The added wrinkle in this case is that under 39 CFR 260.05, you've got a situation where we're dealing with government employees. So what we have to do is we have to look at, number one, the propriety of taking these sworn statements to preserve testimonial evidence and also in the context of the people that we're taking the statements of happen to be government employees. So under the Code of Federal Regulations, there are certain procedures that have to be followed. There's a dearth of law on this, these issues out there. But the cases that appear to govern our specific situation, I would assert, are the Doyle-Lamar case and the 19th Street Baptist Church case as to the propriety of the taking of the depositions and, I'm sorry, sworn statements and whether or not Mr. Workman satisfied those requirements. And then the other issue is the right to omit your verified petition for Rule 27, perpetuation of testimony. And there's actually one case out there that dealt with that, and that's the Eisenberg case, none of which have been really addressed by the other side. Now, as we set forth in our briefs, there's kind of been an evolution of Rule 27 law as to whether or not you can take these sworn statements, what conditions have to be met. What is, there's not a lot of standards out there as to, there are these various elements that have to be played, but what are the standards under which you plead them? So that's one of the things that we are trying to develop here today and trying to develop in this case. And our position, with all due respect, is that both Magistrate Wormuth and Judge Strickland, who adopted Magistrate Wormuth's recommendation, both missed several things that are really important, and that the order that's appealed from, which is Judge Strickland's order affirming Judge Wormuth's recommendation should be reversed. Now, I'm sure the Court is aware that when you're dealing with issues of, for example, statutory construction, interpretation of rules is pretty, has a lot of similarities. If there are two statutes that govern the same subject matter, one is general, one is specific. You go with the more specific statute. Working that into here, what we have is the evolution of Rule 27 law, beginning back with this Ash versus Court case, which is from 1970, 1975, out of the Third Circuit, which basically put this blanket prohibition on Rule 27 sworn statements being taken before a suit is filed, if it's being used for purposes of discovery. That's it. And in the Ash case, there was no finding that there was an intent to preserve evidence. So what happens now? Along in 1999 and 2000 come the 19th Street Baptist Church case and the Duillamar case. The Duillamar case is the one that's really, really, in our view, very important. So what did Duillamar concern? Duillamar concerned a situation where there was a vessel that was subject to a catastrophic accident and things were disappearing. So the intent there was to get the testimony of the people who were there and saw everything and preserve it before the ship was destroyed, taken apart, whatever. That's exactly what we have here. Mr. Workman leased a building to the United States Post Office for a postal facility. The building burnt to the ground. A fire was started in the building on Valentine's Day of 2022. The building and the adjacent structure, the residence, which he had fully destroyed, were burnt to the ground. There has been at least 18 months of work going into taking photographs, doing inspections, having an insurance investigator come and do inspections, asbestos inspectors, everybody that we've named in our briefs who's been involved with trying to find the source of the fire. And the one that's come the closest is Mr. Luton. He was the insurance investigator. And he testified that he had a very limited scope because the United States Attorney, when he tried to take the statements of the people who were on the scene, that was Jasmine Martinez and Perla Sanchez, said the United States Attorney told him, no, you can't talk to the witnesses. You can't talk to the people who were on site. We're not allowing you to do that. Stay away from them. Do not ask them any questions. So how does a fire investigator come to a conclusion as to the source and cause of a fire without talking to the only two people who were on site when this happened? Ms. Martinez was the one who told Mr. Salas, the fire investigator, in broad brush terms, and this is where this gets into substance distinction in Duilamar, said, yeah, I talked to Sanchez. I talked to Martinez. They told me they saw certain things, but this wasn't under oath, right? It's just a fire marshal's partial report. So the substance of what Mr. Workman sought to ask Ms. Martinez and Ms. Sanchez about was out there in the fire marshal's report. This is exactly the same situation as in Duilamar, where the Coast Guard reports made general observations as to what happened with the disaster of the vessel, but without any details. Of course, the Coast Guard report is not prepared for purposes of litigation, and it's not sworn to. So whose testimony do you want to get? Who do you want to depose? Martinez and Sanchez. And how long has it been since the fire? February 14th of 2022. So we're talking... I'm sorry, 23. Okay, a year and a half. Yeah. And so why do you need to preserve their testimony? What are they going to not remember? It's already been a year and a half. Why do you need to preserve this? Why won't their recollection be good enough, particularly if you let them know that you're going to ask them later on? Why do you need to preserve the testimony at this point? Well, for a number of reasons. Number one, they've both been transferred already. Number two, there was another... How does that affect it? I'm sorry? You say that's the reason, but why does that show you need to preserve it if they've already been transferred? Well, they've been transferred to a facility not too far away, but they could be transferred at any time. They could be transferred to somewhere else in the world. What if they were? You wouldn't be able to depose them? We would, but here's the problem we're going to run into. And by the way, we had had one to depose a third person, Mr. Candelaria, but he died. So now his testimony is gone, despite our efforts to take that. Witnesses can always die. That's true. They can. Okay. So, but what's specific about this case that requires you to preserve the testimony? Well, because of the other events that have happened. Number one, very early on when I apprenticed the post office and made an amicable request to take the sworn statements of these people, like Mr. Salas volunteered to do, like Mr. Luton volunteered to do, all we got was opposition and objections. And an objection, one objection that wasn't even well-founded in the law, a sovereign immunity objection. As you're saying this, explain why this means you have to preserve. If they're giving improper objections, why is that any different from what they do at a deposition? Well, because here's what's going to happen. As we all know, memories fade with time, right? To do what the post office wants us to do, to file a lawsuit on incomplete information without having to take the statements from the people, the single people who are actually on the site, the only two who actually have first-hand knowledge, make us go through a lawsuit, make us go through objections, motions for protective order, interim appeals. It's going to be years before we get a chance to even talk to these people. And it's not necessary because as the case law says that we've studied in our briefs, if there is a danger, that testimony may be lost. And remember, we already have the US attorney telling the postal workers, don't talk to the insurance investigator. So what's the next thing? Well, if you talk to the investigator, don't tell them anything. So this testimony is already being impeded, right? And they're already scared, right? Because they had a US attorney talk to them and tell them not to even talk to an insurance investigator. So they're going to talk to me. They're going to talk to the person who may be making a claim against the post office. I don't see why it takes longer to file suit, set a deposition than it does to go through the process you're going through. How are you going to preserve it? Well, normally it shouldn't. As I've weaved my way through this, normally verified petitions for Rule 27 preservation of testimony are supposed to be fairly quick. That's not what happened here. What happened is it got assigned to a magistrate. The magistrate issues a recommendation. We timely filed objections and exceptions to the recommendation. Then it went to Judge Strickland. And Judge Strickland parodied that. So now we're here on that. And that is a relatively short time frame compared to federal litigation if we had instituted it to deal with motions for protective orders, sovereign immunity objections, which could come up on- Well, that can happen when that the same thing can happen if you if they set the deposition and you got those objections. No, no, you know, not on a Rule 27. In a Rule 27, you can't object? No, they can object, but they can't raise objections like sovereign immunity because there's no affirmative claim being made against the post office. Is that the whole reason for this? I've kind of wondered that. I thought maybe that you didn't feel you had enough information to survive a 12b6 and you were seeking discovery so that you could do that. But what you just said there, you would get an advantage speaking to them with before filing a suit because they can't make these sovereign immunity objections and so forth. So you'll get more information. Is that what this is all about? No, that is not what this is about. Well, the rule says that it's up to you that the petitioner expects to be a UFCO. The petitioner expects to be a party to an action cognizable in a United States court, but cannot presently bring it or cause it to be brought. You could walk down the street and file a lawsuit tomorrow, couldn't you? That's my struggle with your understanding. You could, but you're adding all these different layers of difficulty to it where the testimony is in danger of being lost, especially in light of what the U.S. Attorney has already instructed the witnesses to do. But isn't this rule, the witness has terminal cancer. I need to speak to them immediately and get them on the record or moving to Cameroon or wherever else. I understand that as far as they perpetuate the testimony because otherwise it's going to be lost. But to Judge Hartz's point, we're not talking about testimony being lost unless a witness dies immediately before you can file a lawsuit. But see, that's one of the points I was making up front that the magistrate Wormuth and Judge Strickland are basically putting conditions on to or limitations on to taking these statements at any given point in time. In other words, the witness has to be dying, or the witness has to be incarcerated with a terminal illness, or the witness has to have some other life-threatening emergency. The case law doesn't say that, nor does the rule say that. There's nothing in the rule itself that puts those limitations on this. What Judge Phillips was pursuing seems the heart of the case. You could file the suit and set depositions. You're not doing that. And it's not clear why you're doing it. He picked up on your comment that if you tried to take a deposition, if the suit was filed, you'd get a sovereign immunity defense. So why should, if you have a legitimate ground for objecting to testimony, if you file a suit, I would think you'd have a legitimate argument if you go to the process you're going through for preservation of testimony. But what is the purpose of Rule 27? To preserve testimony that may be lost later, and there's no guidelines or standards in the rule that says what you have to show. The issue we're having, I think, is factual. You probably recited the rule correctly, but how does it apply to your case? Why can't you do, why can't you go through the usual process? File suit and set depositions? It's confusing to me. Because it's going to lead to unnecessary litigation. Because you're going to discover that you don't have a cause of action, so you won't sue? I'm sorry, Judge. Is it going to be unnecessary litigation because you think after you take these depositions you'll realize you don't have a case and you won't sue? That's not, so what's the unnecessary litigation? The unnecessary litigation are the objections that the government's going to be able to assert inside of a lawsuit, which they would not be able to do if a Rule 27 sworn statement was scheduled. They can't do that. Do you argue those points in your brief? Yes, I do. You argued below, you told the magistrate judge or the district court or both that, look, if we wait to file suit and seek depositions, they'll raise these objections, which they can't raise now. You said that, and you had authority for why that would happen? I said that. I talked about the U.S. attorney telling the witnesses not to talk to the insurance investigation. All these things, they're all in our briefs. Thank you. Okay. Your time is up. 30 seconds. No, you're over 30 seconds. Oh, I'm over? Okay. I'll sit down. Thank you. Time flies, huh? We were having fun. Mr. Keeney? May it please the court, Amal Keeney. I'm with the U.S. Attorney's Office in Albuquerque, and we represent the Postal Service of Respondents. We asked the court to affirm. I think the district court's ruling was correct on two points. And the district court rejected this petition because, on two grounds. One, that petitioner failed to show why the lawsuit couldn't be brought. And second, why the testimony he sought to take was in any danger of being lost. And I'd like first to address his position that he needs to file this Rule 27 petition to avoid unnecessary litigation. Rule 27 isn't a tool to avoid litigation. It's a contemplates that litigation is going to happen. And that it's a tool for preserving evidence or testimony for that contemplated litigation. So I think the entire way that Mr. Workman is looking at this rule is kind of backwards. But moving on to what the district court... Well, he's not really saying you wouldn't have a lawsuit. He's saying there will be issues that would be raised in a lawsuit that would not be raised under Rule 27. I'm not sure I understand how that works, but that seems to be his point. He's contemplating litigation, but he thinks if he files suit and then sets depositions, there will be defenses to the depositions that prevent him from getting the evidence. And those objections would not apply if he's seeking a deposition under Rule 27. I don't see anything in the rule that says that, because what the rule says is you have to show what the substance of the testimony you're taking is going to be, and also what the petitioner expects to be a party to an action cognizable in the United States court. So he has to state what kind of action he's going to bring. I think we would be able to assert objections in a Rule 27 proceeding just as in litigation. But again, I think that's... Rule 27 isn't a tool to circumvent the legitimate defenses a party could raise. If he thinks we're going to raise defenses... First of all, I don't even know what defenses we're going to raise, because we don't know exactly what kind of claims he's going to bring. But if he brings claims that we have defenses, we should have a right to have those litigated. This isn't a tool to circumvent that. What about the Coast Guard case? I think the Coast Guard case was a part of the Coast Guard case. I don't think it involved the Coast Guard necessarily. What it involved was the petitioner was a party who rented a ship from an owner, and they brought cargo from Australia to the United States. And part of their agreement was, the owner says, I guarantee this ship's going to be in good condition. And the petitioner thought there were all kinds of mechanical problems. So then what the petitioner did is they said, we're going to file a lawsuit because you've reached this lease. We want to examine the vessel and preserve that testimony, preserve evidence about the condition of the engine to allow us to bring a lawsuit. And the court's decision was that the ship owner contemplated repairs on the engine, which would alter its condition. And also they were going to take it outside the United States. So it's really a case about evidence being lost. And that doesn't apply here. It's exactly the reverse. Mr. Workman is the party who controls all the physical evidence. The building and the property belongs to him. He can do whatever he wants with it. He can have experts come in, and he said he's going to bring experts in to look at it and determine the cause of the fire. So if there's any party that could file a Rule 27 petition, it would be us. But we're not doing that. But that's why we think that case doesn't really apply here. Well, how about the fact that the employees potentially will be transferred far and distant away? He hasn't shown any reason to think they're going to be. That could always happen, I suppose. Yeah, I mean, federal employees are reassigned to different places all the time. Is that not enough to say, to establish that? No, it's not enough. So this gets really... Where I'm interested is, what would be enough? And how would you ever find that out? What is the standard? Well, I think what would be enough would be a deponent potentially leaving the jurisdiction of the court. For example, leaving the country where you can't depose them. You can't even subpoena them for deposition. All three of us are deposed. So if we're sued, we would have an obligation and sued in a way that makes their testimony relevant. We could be ordered to produce them for deposition. So I don't see any... There's no reason to think that's not possible here. And one of them does live in Georgia. If he were... So employees are deposed who live in other parts of the U.S. all the time. I don't think that's the sort of obstacle. It would have to be something removed from the power of a court to enforce it on either the postal service or the deponent to appear for a deposition. And how would he find that out? The rule doesn't really say how he would go about finding that out. I'm sorry, finding what out? I thought that Judge Iyatt had asked, how would a petitioner go about finding out whether someone is about to move or not? Well, I mean, are you requiring them to say something with particularity with regard to moving? And I guess your answer is yes, but how would that ever be accomplished? I don't know, Your Honor. I think the rule doesn't explain how that would be done. Well, the rule doesn't say much, right? And that's why we're here, right? So, I mean, help me, I guess, understand what degree of particularity is reasonable to expect someone who wants to get a 27 petition granted. What degree of particularity would you impose? Some actual reason to think the witness is not going to be able to. That a petitioner, if he files a lawsuit, is not going to be able to depose the witness. And the rule places the burden on him to show that. So, for example, if he drove by one of their houses and saw for sale sign, that might be a fact. And that the cases don't really explain how petitioners come by their facts either. But, you know, some of them are able to do so. But it's still his burden. What isn't sufficient is just speculation that someday one of these deponents might move outside the jurisdiction of the court, and I might someday be unable to depose them. And now, the one deponent he saw who died, and he pointed out in his argument, that is true, Mr. Candelaria died during the pendency of the appeal. But Mr. Workman never alleged in the district court that Mr. Candelaria had cancer or was about to die. And I don't even know if he was about to die when the case was pending in the district court. Some of the reasons that he suggests for the witnesses not being available are reasons that are not legally sufficient. For example, he's mentioned the passage of time, which affects people's memories. And that, no doubt, is true. But the case law said that that sort of general allegation is not sufficient to satisfy that requirement. Because otherwise, every petition would have to be granted. And Rule 27 is meant to be a narrow tool to accomplish discovery and only narrow certain circumstances. The transfer to another post office, we've addressed that. He's talked about physical evidence being lost, and there's nothing really Rule 27 can do for him there because he controls that evidence. And then the other thing he's discussed as well, you know, they're not letting me take the witnesses' depositions and statements right now. The U.S. Attorney's Office has said that it's not going to allow that and so on and so forth. And I think that the position of the Postal Service is that if you're going to take the depositions of our witnesses, it needs to be done in the proper legal way. You need to file a lawsuit so that we know what you're claiming. And then you can take depositions potentially during such a lawsuit. Not that, and so the decision of the Postal Service to invoke its right to have that occur during that legal process is not itself a reason for circumventing the process. Is that the CFR 265.12 you're talking about? Oh, no, no. That's a different issue, I think. I'm just talking about this general allegation that, look, basically what he's saying in his briefs is, look, I've asked nicely to take these witnesses' statements and you won't allow it unless you go, you're making me go through a lawsuit. What is the U.S. Attorney relying on to say you can't talk to these people? You know, I don't know exactly. I think, I didn't know, he doesn't say what the, I've been unable to determine who it was that this investigator actually spoke to. And he doesn't, the investigator didn't know either. So I don't know exactly what the motivation was. Well, that CFR is demands for testimony of records and certain legal proceedings, Postal Service. Right. Those, I think he's referring to the R2E regulations. And we view, I think the argument we made in the district court, which the court didn't reach, was that those regulations only come into play when there's pending litigation, an actual lawsuit. So if you were to disagree with us and the case were to be remanded, then we would ask the, we would invoke that issue again, probably before the district court. But it's not one the district court passed on yet. I don't think you need to reach it because if you will in our favor on the Rule 27 petition, then there's never any need to reach that unless he files a lawsuit. And then that issue may come up again. On the, as far as first, the district court's first basis for denying the petition was that Mr. Workman failed to show that he's unable to presently bring a lawsuit. And the only ground he really offers for his inability is he says, look, I don't, I'm just unable to because I'm not going to be able to meet Rule 11. And the case law there, again, is universal that that's not a reason. It's not a discovery, a tool to engage in ordinary discovery. So unless the court has other questions for us, we would ask that you affirm the district court's decision. Thank you. All right, thanks. I'm out of time, right? Yes, if you want to correct something, I can give you 20 or 30 seconds, but not a second more. I mean, you've made a full argument. I'm not sure you need it. Yeah, I think the court understands the position. I just want to highlight what Judge Eaton is my standards. That's the problem. There are no standards that say when and how you do X, Y, Z, A, B, and C. Like you said, there's not a lot in the rule. So if it's not in there that says we can't do it, I don't think the court can modify that rule and say, well, we're going to stick additional provisions in there. That's for Congress. Thank you, counsel. That's it. Thank you all. Thank you, counsel. Case is submitted. Counselor excused. Turn to our last case of the day.